█ In the Matter of ANITA KEMPLER, Respondent, v. BOARD OF ASSESSORS OF THE TOWN OF NEWBURGH, Appellant.— In a proceeding pursuant to article 7 of the Real Property Tax Law, to review the tax assessment of petitioner's real property for the year 1961, the Board of Assessors of the Town of Newburgh appeals: (1) from so much of an order of the Supreme Court, Orange County, dated January 30, 1962, as conditioned its right to have a real estate expert enter and examine the subject premises upon the furnishing of a copy of such expert's report to the petitioner; and (2) from so much of an order of said court, granting reargument, dated January 30, 1962, as adhered to the court's

original decision. Order made on reargument, insofar as appealed from, affirmed, with $10 costs and disbursements. No opinion. Appeal from original order dismissed. That order was superseded by the order made on reargument. Ughetta, Acting P. J., Brennan, Hill and Rabin, JJ., concur; Christ, J., concurs in the dismissal of the appeal from the original order, but votes to modify the order made on reargument by adding thereto a provision to the effect that the Board of Assessors need not furnish petitioner or her attorneys with a copy of its real estate expert's report unless at the same time petitioner shall furnish the board with a copy of the report of any real estate expert or experts on whose evidence she will rely; and to affirm said order, as so modified, with the following memorandum: No statute or court rule requiring an exchange of information has been promulgated specially applicable to this case. However, I am of the opinion that once Special Term directed the Board of Assessors to furnish the petitioner with the report of its appraisal expert, the court should have required petitioner to supply the board with the report of petitioner's appraisal expert or experts. In my view the failure to impose such a requirement was an abuse of sound discretion, and served to create an imbalance between the respective parties by giving one party an advantage denied to the other. If determination of the question as to the exchange of information by the parties is left to the discretion of the several Justices who from time to time will be required to pass upon it, inconsistency of decisions will necessarily ensue in a matter of practice where uniformity is so essential. It should also be noted that the exchange of experts' reports is required in similar situations where valuation is in issue, namely: (1) in a proceeding to review an assessment when inequality is claimed (Real Property Tax Law, § 720, subd. 3); (2) in a condemnation proceeding in the City of New York (Administrative Code of City of New York, §§ B15–13.0, B15–16.0 [L. 1937, ch. 929, as amd.]); and (3) in a condemnation proceeding in the County of Nassau (Nassau County Administrative Code, §§ 11–32.0, 11–35.0 [L. 1939, ch. 272]). These two Administrative Codes not only permit examinations before trial but provide that they may be had " of any person not an owner," as " in special circumstances " under section 288 of the Civil Practice Act; and both codes contain detailed and specific provisions with respect to conditioning certain evidence respecting valuation upon pretrial disclosure thereof.